**PUROLATOR PRODUCTS, INC.,**
a corporation, Appellant,

v.

**TORITE INDUSTRIES, INC.,** a California corporation, Joseph P. Knotra, Thomas J. Goy, James E. Reading and George Vunich, Appellees.

No. 22481.

United States Court of Appeals
Ninth Circuit.

July 3, 1969.

Rehearing Denied Aug. 6, 1969.

William H. Pavitt, Jr. (argued), Gordon L. Peterson and George F. Smyth, of Smyth, Roston & Pavitt, Los Angeles, Cal., for appellant.

Milton B. Safier (argued), Los Angeles, Cal., for appellees.

Before ELY, CARTER and HUFSTEDLER, Circuit Judges.

## PER CURIAM.

This case was an action by appellant, against former employees and Torite Industries, Inc., a corporation, formed by them, for flagrant breaches of the employer-employee relationship. The second amended complaint alleged breaches of fiduciary duty, conspiring to induce the same, conspiracy to defraud, breaches of contract and unfair competition.

The case was tried without a jury; the district judge made detailed findings of fact and awarded appellant actual and punitive damages and costs. Unsatisfied, appellant brought this appeal but did not see fit to provide the reporter's transcript. We affirm.

The case involved two periods of time, one from about February 1962 to about February 1964, and the second from March 1964 until the discharge of the employees, the last discharge being in the spring of 1965.

During the first period the appellees, through Reading, appellant's sales manager, caused a contract for slitting metal cloth to be issued to a third party, but the contract was actually performed by appellees on their own time and they profited thereby.

During the second period, Torite hired a sales representative and secretly bid on and obtained contracts for manufacturing filter elements, on which appellant also had bid. The court concluded this was unfair competition, but that there were various uncertainties, including whether appellant, but for appellees' bid, would have been awarded the contracts.

In granting judgment for the appellant, the district court made the following conclusions of law in computing damages:

A. *As to the first Period.*

(1) damages equal to the profits made by appellees should be granted to appellant; (2) the net profits computed by the appellees of their activities should be increased by an amount equal to that claimed as an expense for "officers salaries" and certain other expenses which were fictitious, promotion, Christmas gifts and rent as a charge for use of the garage of one appellee; (3) total damages for secret profits equal to $12,982.00;

B. *As to the second Period.*

(1) for appellees' activities in engaging in unfair competition and breaching their confidential relationship with appellant, the amount of salary received by appellees Reading and Goy from appellant from September 8, 1964 to April 14, 1965 [the period in which the appellees competed with their employer in the sale of filter elements], $10,754.49, should also be awarded as damages; (2) punitive damages were assessed at $7,500.00;

C. In addition to the above elements of damages awarded equaling $30,736.49

the amount of $3,724.50 for costs of the action was awarded to appellant.

The judgment was against Torite, Knotra, Reading and Goy jointly and severally for $30,736.49 plus costs in the amount of $3,724.50.

The case was complex and the findings of the trial court were detailed and accurate. On the record before us we cannot say the trial court was clearly wrong.

Judgment affirmed.